UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT PHILLIP IVERS *also known as* ROBERT IVERS,<br><br>　　　　　　Defendant. | 0:25-CR-00347-KES<br><br>SCHEDULING AND CASE MANAGEMENT ORDER |

In order to comply with the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and to set forth orderly progression dates, it is

ORDERED that the following deadlines will apply in this case:

| | |
|---|---|
| Discovery motions | September 30, 2025 |
| Suppression/voluntariness motions | October 7, 2025 |
| Responses to motions due | Within five days after motion is filed |
| Subpoenas for suppression hearing | October 7, 2025 |
| Suppression/voluntariness hearing before Magistrate Judge Veronica Duffy | If necessary, will be held prior to October 24, 2025 |
| Applications for Writ of Habeas Corpus Ad Testificandum | November 4, 2025 |
| Expert witness disclosures | November 4, 2025 |
| Other motions | November 11, 2025 |
| Responses to motions due | Within five days after motion is filed |
| Subpoenas for trial | November 11, 2025 |
| Plea agreement or petition to plead and statement of factual basis | November 11, 2025 |
| Notify court of status of case | November 11, 2025 |
| Rebuttal expert witness disclosures | November 18, 2025 |
| Motions in limine | November 18, 2025 |
| Proposed jury instructions due | November 18, 2025 |
| Jury trial | Tuesday, November 25, 2025, at 9 a.m. |

1. Proposed jury instructions, with citations to authority, will be filed. Submit only substantive instructions pertaining to the law of the case; do not submit standard or boilerplate instructions.

2. No motions will be entertained unless they are accompanied by a reasoned memorandum setting forth the precise issues to be considered by the court, together with an explanation of the relevant law to the particular facts of the case. The filing of "boilerplate" motions or memoranda will not satisfy this requirement.  Responses to motions will set forth specific points of law, together with supporting authorities relied upon.

3. Counsel for the parties will confer, prior to the filing of motions, in order to reach agreement upon all pretrial motions, including motions for discovery and disclosure. The government provides a stipulation form to implement the court's standing discovery order.

4. Upon request of the defendant, the plaintiff will forthwith comply with Rule 16(a)(1)(A)-(G).

5. If the defendant requests disclosure under Rule 16(a), such defendant will, upon request of the plaintiff, forthwith comply with Rule 16(b).

6. The government will timely furnish all materials required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

7. Pursuant to the Due Process Protections Act, the Court confirms the United States's obligation to disclose to the defendant all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the United States's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

8. Any written statements of plaintiff's witnesses discoverable under the Jencks Act, 18 U.S.C. § 3500, will be furnished to the defendant unless the government demands strict compliance with the Jencks Act.

9. It will be the responsibility of defense counsel to notify defense witnesses not to report if the case **does not** go to trial.

10. In the event a party fails to comply with the provisions of this order, the court may strike a motion, refuse to permit oral argument, rule against the offending party, impose fine, award payment of attorney's fees, or proceed in such other manner as justice requires.

11. Upon a showing of good cause, the court may permit exceptions to the rules set forth in this order.

12. Counsel is responsible for client's prompt attendance at all hearings and trial.

13. If defense counsel or government counsel feel that an interpreter is needed in this case, counsel will promptly file a motion with the court requesting an interpreter.

Dated September 22, 2025.

                            BY THE COURT:

                            /s/ *Karen E. Schreier*
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE