UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT PHILLIP IVERS, *also known as* Robert Ivers,<br><br>  Defendant. | 0:25-CR-00347-KES<br><br>PRELIMINARY INSTRUCTIONS TO THE JURY |

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS

NO. 1 – INTRODUCTION ........................................................................... 1
NO. 2 – ELEMENTS OF THE OFFENSES ......................................................... 2
NO. 3 – PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF .............. 6
NO. 4 – REASONABLE DOUBT ..................................................................... 7
NO. 5 – DEFINITION OF EVIDENCE .............................................................. 8
NO. 6 – TESTIMONY OF WITNESSES ........................................................... 10
NO. 7 – OBJECTIONS ................................................................................. 12
NO. 8 – BENCH CONFERENCES AND RECESSES ........ ........................... 13
NO. 9 – NOTE-TAKING ............................................................................ 14
NO. 10 - CONDUCT OF JURORS DURING TRIAL ....................................... 15
NO. 11 – OUTLINE OF TRIAL ..................................................................... 19


SCANNED
AUG 0 7 2026
U.S. DISTRICT COURT ST. PAUL

## PRELIMINARY INSTRUCTION NO. 1 – INTRODUCTION

Congratulations on your selection as a juror. These Instructions are to help you better understand the trial and your role in it.

In a Superseding Indictment, a Grand Jury has charged defendant, Robert Phillip Ivers, with two counts of Mailing a Threat to Injure the Person of Another, and one count of Threatening to Murder a United States Judge. A Superseding Indictment is simply an accusation—it is not evidence of anything. The defendant has pleaded not guilty to the crimes charged against him, and he is presumed absolutely not guilty of the charged offenses unless or until the prosecution proves his guilt on those offenses beyond a reasonable doubt.

You must decide during your deliberations whether or not the prosecution has proved the defendant's guilt on the charged offenses beyond a reasonable doubt. In making your decision, you are the sole judges of the facts. You must not decide this case based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these Instructions. Do not take anything that I have said or done or that I may say or do as indicating what I think of the evidence or what I think your verdict should be.

Remember, only defendant, Robert Phillip Ivers, and not anyone else, is on trial. Also, the defendant is on trial *only* for the offenses charged against him in the Superseding Indictment, and not for anything else. Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

Please remember that this case is important to the parties and to the fair administration of justice. Therefore, please be patient, consider all of the evidence, and do not be in a hurry to reach a verdict to be finished with the case.

1

## PRELIMINARY INSTRUCTION NO. 2 – ELEMENTS OF THE OFFENSES

Before I turn to specific instructions on the offenses charged in this case, I will explain some important terms.

### Elements

The offenses charged consist of "elements," which are the parts of an offense. The prosecution must prove beyond a reasonable doubt all of the elements of an offense for you to find the defendant guilty of that offense.

### Timing

The Superseding Indictment alleges an approximate date or period of time for the charged offenses. The prosecution does not have to prove that an offense occurred on an exact date, only that the offense occurred at a time that was reasonably within the time period alleged for that offense in the Superseding Indictment.

### Verdict Form

A Verdict Form will be attached to your Final Instructions.

- A Verdict Form is simply a written notice of your decision.
- When you have reached a unanimous verdict, your foreperson will complete one copy of the Verdict Form by marking the appropriate blank or blanks for each question.
- Your foreperson will then bring the signed Verdict Form to the courtroom when it is time to announce your verdict.

***

I will now give you the "elements" of the charged offenses.

2

### *COUNT 1: MAILING A THREAT TO INJURE THE PERSON OF ANOTHER*

Count 1 of the Superseding Indictment charges that on or about April 7, 2025, and in the days immediately preceding that date, in the State and District of Minnesota, the defendant, Robert Phillip Ivers, knowingly deposited and caused to be delivered by the United States Postal Service, a written communication addressed to E.R. at 2115 Summit Avenue, Saint Paul, Minnesota 55105, containing threats to injure the person of another, namely a threat to kill federal judges, said communication being excerpts from defendant's handwritten book entitled, "How to Kill a Federal Judge."

The defendant transmitted the communication with the intent to issue a threat with knowledge that the communication would be understood as a threat, and at a minimum with conscious disregard of a substantial risk that the communication would be viewed as a serious expression of an intent to inflict bodily injury and death, and would be understood as a true threat.

#### *Elements*

For you to find Ivers guilty of Count 1 of the Superseding Indictment, the prosecution must prove the following three essential elements beyond a reasonable doubt:

*One,* that on or about April 7, 2025, in the State and District of Minnesota, Ivers knowingly mailed and caused to be delivered through the United States mail a communication;

*Two,* that a reasonable person would view the communication as containing a true threat to injure the person of another, namely, to kill federal judges;

*And three,* that Ivers subjectively intended the communication as a threat, or knew the communication would be viewed as a threat, or consciously disregarded the substantial risk that the communication would be viewed as a threat.

3

### COUNT 2: MAILING A THREAT TO INJURE THE PERSON OF ANOTHER

Count 2 of the Superseding Indictment charges that on or about February 12, 2025, and in the days immediately preceding that date, in the State and District of Minnesota, the defendant, Robert Phillip Ivers, knowingly deposited and caused to be delivered by the United States Postal Service, a written communication addressed to a law firm at 60 South 6th Street, Suite 1500, Minneapolis, Minnesota 55402, containing threats to injure the person of another, namely threats to A.T. and A.T.'s children, federal judges, and Judge A, said communication being defendant's handwritten book entitled, "How to Kill a Federal Judge."

The defendant transmitted the communication with the intent to issue a threat with knowledge that the communication would be understood as a threat, and at a minimum with conscious disregard of a substantial risk that the communication would be viewed as a serious expression of an intent to inflict bodily injury and death, and would be understood as a true threat.

#### Elements

For you to find Ivers guilty of Count 2 of the Superseding Indictment, the prosecution must prove the following three essential elements beyond a reasonable doubt:

*One*, that on or about February 12, 2025, in the State and District of Minnesota, Ivers knowingly mailed and caused to be delivered through the United States mail a communication;

*Two*, that a reasonable person would view the communication as containing a true threat to injure the person of another, namely, threats to A.T or A.T.'s children, federal judges, or Judge A;

*And three*, that Ivers subjectively intended the communication as a threat, or knew the communication would be viewed as a threat, or consciously disregarded the substantial risk that the communication would be viewed as a threat.

4

## COUNT 3: THREATENING TO MURDER A UNITED STATES JUDGE

Count 3 of the Superseding Indictment charges that on or about February 12, 2025, and in the days immediately preceding that date, in the State and District of Minnesota, the defendant, Robert Phillip Ivers, did knowingly threaten to assault and murder Judge A, a United States District Judge, with the intent to retaliate against said judge on account of the performance of official duties.

### Elements

For you to find Ivers guilty of Count 3 of the Superseding Indictment, the prosecution must prove the following two essential elements beyond a reasonable doubt:

*One*, that on or about February 12, 2025, in the State and District of Minnesota, Ivers knowingly threatened to assault or murder Judge A, a United States District Judge;

*And two*, that Ivers did so with the intent to retaliate against Judge A on account of the performance of Judge A's official duties.

You should understand, however, that what I have given you is only a preliminary outline. At the end of the trial, I will give you final instructions in these matters. If there is any difference between what I just told you and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern.

5

PRELIMINARY INSTRUCTION NO. 3 – PRESUMPTION OF INNOCENCE AND
BURDEN OF PROOF

The presumption of innocence means that the defendant is presumed to be absolutely not guilty.

- This presumption means that you must put aside all suspicion that might arise from the defendant's arrest, the charges, or the fact that he is here in court.
- This presumption remains with the defendant throughout the trial.
- This presumption is enough, alone, for you to find the defendant not guilty, unless the prosecution proves, beyond a reasonable doubt, all of the elements of an offense charged against him.

The burden is always on the prosecution to prove guilt beyond a reasonable doubt.

- This burden never, ever shifts to the defendant to prove his innocence.
- This burden means that the defendant does not have to call any witnesses, produce any evidence, cross-examine the prosecution's witnesses, or testify.
- This burden means that, if the defendant does not testify, you must not consider that fact in any way, or even discuss it, in arriving at your verdict.
- This burden means that you must find the defendant not guilty of the offense charged against him, unless the prosecution proves beyond a reasonable doubt that he has committed each and every element of that offense.

6

PRELIMINARY INSTRUCTION NO. 4 – REASONABLE DOUBT

A reasonable doubt is a doubt based upon reason and common sense.

- A reasonable doubt may arise from evidence produced by the prosecution or the defendant, keeping in mind that the defendant never, ever has the burden or duty to call any witnesses or to produce any evidence.
- A reasonable doubt may arise from the prosecution's lack of evidence.

The prosecution must prove the defendant's guilt beyond a reasonable doubt.

- Proof beyond a reasonable doubt requires careful and impartial consideration of all the evidence in the case before making a decision.
- Proof beyond a reasonable doubt is proof so convincing that you would be willing to rely and act on it in the most important of your own affairs.

The prosecution's burden is heavy, but it does not require proof beyond all possible doubt.

7

PRELIMINARY INSTRUCTION NO. 5 – DEFINITION OF EVIDENCE

Evidence is the following:

- testimony
- exhibits admitted into evidence, but exhibits are not necessarily more important than any other evidence, just because they are shown to you
- stipulations, which are agreements between the parties that certain facts are true; you must treat stipulated facts as having been proved

The following are not evidence:

- testimony that I tell you to disregard
- exhibits that are not admitted into evidence
- statements, arguments, questions, and comments by the lawyers
- objections and rulings on objections
- anything that you see or hear about this case outside the courtroom

You may have heard of "direct" or "circumstantial" evidence.

- "Direct" evidence is direct proof of a fact. An example is testimony by a witness about what that witness personally saw or heard or did.
- "Circumstantial" evidence is proof of one or more facts from which you could find another fact. An example is testimony that a witness personally saw a broken window and a brick on the floor, from which you could find that the brick broke the window.

8

- You should consider both kinds of evidence because the law makes no distinction between their weight. The weight to be given any evidence, whether it is "direct" or "circumstantial," is for you to decide.

Some evidence may be admitted only for a limited purpose.
- I will tell you if that happens.
- I will instruct you on the purposes for which the evidence can or cannot be used.

9

PRELIMINARY INSTRUCTION NO. 6 – TESTIMONY OF WITNESSES

You may believe all of what any witness says, only part of it, or none of it. In evaluating a witness's testimony, consider the following:

- the witness's
  - intelligence
  - memory
  - opportunity to have seen and heard what happened
  - motives for testifying
  - interest in the outcome of the case
  - manner while testifying
  - drug or alcohol use or addiction, if any
- the reasonableness of the witness's testimony
- any differences between what the witness says now and said earlier
- any inconsistencies between the witness's testimony and any other evidence that you believe
- whether any inconsistencies are the result of seeing or hearing things differently, actually forgetting things, or innocent mistakes or are, instead, the result of lies or phony memory lapses, and
- any other factors that you find bear on believability or credibility.

You should not give any more or less weight to a witness's testimony just because the witness is one of the following:

- a public official or law enforcement officer
- an expert

You may give any witness's opinion whatever weight you think it deserves, but you should consider the following:

10

- the reasons and perceptions on which the opinion is based
- any reason that the witness may be biased, and
- all of the other evidence in the case

If the defendant testifies, you should judge his testimony in the same way that you judge the testimony of any other witness.

It is your exclusive right to give any witness's testimony whatever weight you think it deserves.

11

## PRELIMINARY INSTRUCTION NO. 7 – OBJECTIONS

The lawyers may make objections and motions during the trial that I must rule upon.

- If I sustain an objection to a question before it is answered, do not draw any inferences or conclusions from the question itself.
- Do not hold it against a lawyer or a party if the lawyer makes an objection. Lawyers have a duty to object to testimony or other evidence that they believe is not properly admissible.

PRELIMINARY INSTRUCTION NO. 8 – BENCH CONFERENCES AND RECESSES

During trial, it may be necessary for me to talk with the lawyers out of your hearing. I may speak with the lawyers over special headsets while a noise plays over speakers in the courtroom to prevent you from hearing, or I may call a recess and let you leave the courtroom while I talk to the lawyers.

- These conferences are to decide how certain evidence is to be treated, to avoid confusion and error, and to save your valuable time, so please be patient.
- We will do our best to keep such conferences short and infrequent.

PRELIMINARY INSTRUCTION NO. 9 – NOTE-TAKING

You are allowed to take notes during the trial if you want to. Be sure that your note-taking does not interfere with listening to and considering all the evidence.

- Your notes are not necessarily more reliable than your memory or another juror's notes or memory.
- Do not discuss your notes with anyone before you begin your deliberations.
- Take your notes with you and leave them in the jury room during recesses and at the end of the day.
- At the end of trial, you may take your notes with you or leave them to be destroyed.
- No one else will ever be allowed to read your notes unless you let them.

If you choose not to take notes, remember that it is your own individual responsibility to listen carefully to the evidence.

An official court reporter is making a record of the trial, but her transcripts will not be available for your use during your deliberations.

14

PRELIMINARY INSTRUCTION NO. 10 – CONDUCT OF JURORS DURING TRIAL

You must decide this case **solely** on the evidence and your own observations, experiences, reason, common sense, and the law in these Instructions. You must also keep to yourself any information that you learn in court until it is time to discuss this case with your fellow jurors during deliberations.

To ensure fairness, you must obey the following rules:

- Do not talk among yourselves about this case, or about anyone involved with it, until you go to the jury room to decide on your verdict.
- Do not talk with anyone else about this case, or about anyone involved with it, until the trial is over.
- Until the trial is over, when you are outside the courtroom do not let anyone ask you about or tell you anything about this case, anyone involved with it, any news story, rumor, or gossip. If someone should try to talk to you about this case during the trial, please report it to me.
- The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in

15

accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so.

- During the trial, you should not talk to any of the parties, lawyers, or witnesses, even to pass the time of day. That way there is no reason to be suspicious about your fairness. The lawyers, parties, and witnesses are not supposed to talk to you either.

- You may need to tell your family, friends, teachers, co-workers, or employer about your participation in this trial so that you can tell them when you must be in court and warn them not to ask you or talk to you about the case. Do not provide any information to anyone by any means about this case until after I have accepted your verdict. That means do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Instagram, Snapchat, TikTok, or X, to communicate to anyone any information about this case until I accept your verdict.

- Do not do any research—on the Internet, in libraries, in the newspapers, utilizing artificial intelligence or a chat bot, or in any other way—or make any investigation about this case, the law, or the people involved on your own.

- Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony.

16

- Do not read any news stories or articles, in print, on the Internet, or in any "blog," about this case, or about anyone involved with it, or listen to any radio or television reports about it or about anyone involved with it, or let anyone tell you anything about any such news reports. I assure you that when you have heard all the evidence, you will know more about this case than anyone will learn through the news media—and it will be more accurate.

- Do not make up your mind during the trial about what the verdict should be. Keep an open mind until you have had a chance to discuss the evidence with other jurors during deliberations.

- Do not decide the case based on "implicit biases." Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes that are "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes and dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

- If, at any time during the trial, you have a problem that you would like to bring to my attention, or if you feel ill or need

17

to go to the restroom, please send a note to the Court Security Officer (CSO), who will give it to me. I want you to be comfortable, so please do not hesitate to tell us about any problem.

PRELIMINARY INSTRUCTION NO. 11 – OUTLINE OF TRIAL

The trial will proceed as follows:

- After these preliminary instructions, the prosecutor may make an opening statement.
- Next, the defendant may, but does not have to, make an opening statement.
- An opening statement is not evidence. It is simply a summary of what the lawyer expects the evidence will be.
- The prosecution will then present its evidence and call witnesses, and the lawyer for the defendant may, but has no obligation to, cross-examine those witnesses.
- Following the prosecution's case, the defendant may, but does not have to, present evidence and call witnesses. If the defendant calls witnesses, the prosecutor may cross-examine them.
- After the evidence is concluded, I will give you the Final Instructions.
- The lawyers will then make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence.
- You will then retire to deliberate on your verdict.

Dated August 4, 2026.

BY THE COURT:

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

19